PEOPLE OF THE STATE OF NEW YORK ex rel. THE ADIRONDACK POWER AND LIGHT CORPORATION, Relator, *v.* ERNEST L. DUREY and Others, as Assessors of the Town of Caroga, County of Fulton, for the Year 1923, Defendants.

Supreme Court, Fulton County, April 4, 1924.

PEOPLE OF THE STATE OF NEW YORK ex rel. THE ADIRONDACK POWER AND LIGHT CORPORATION, Relator, *v.* EDWARD JOHNSON and Others, as Assessors of the Town of St. Johnsville, County of Montgomery, for the Year 1923, Defendants.

Supreme Court, Montgomery County, April 4, 1924.

Taxation — certiorari to review assessments — insufficiency of description of rights assessed — assessments illegal where there is no evidence in assessment roll which would lead to an identification of right or property sought to be assessed.

An assessment should indicate the nature, the character and the location of the property or rights assessed. An accurate description of the right or thing assessed is essential to the validity of the assessment. If a description of the right or thing assessed is insufficient to enable one to locate it, no foundation is afforded for future proceedings to enforce the assessment.

Accordingly, assessments will be stricken from the rolls in certiorari proceedings to review assessments levied against the relator upon rights described in the one case as " flowage rights " and in the other case as " water rights," where neither length nor breadth, height or depth, locations or connections are given, and where there is no evidence in the assessment roll which would lead to an identification of the right or property sought to be assessed.

CERTIORARI proceedings to review tax assessments.

*Snyder, Christman & Snyder,* for the relator.

*J. W. Titcomb (Horton D. Wright,* of counsel), for the assessors of the town of Caroga.

*George C. Butler,* for the assessors of the town of St. Johnsville.

BORST, J. The relator in the first of the above proceedings seeks to review that part of the assessment made against it by the assessors of the town of Caroga, Fulton county, N. Y., for the year 1923, reading as follows:

" East and West Canada Lake and Green Lake. *Adirondack Power & Light Corporation.* Value of flowage rights in the Town of Caroga, $75,000.00."

And in the second of said proceedings it seeks to review that part of the assessment made against it by the assessors of the

**112**   PEOPLE EX REL. ADIRONDACK POWER & L. CORP. *v.* DUREY.

Supreme Court, April, 1924.                    [Vol. 123

town of St. Johnsville, Montgomery county, N. Y., for the year 1923, reading as follows:

"One-half value of water rights, $60,000.00."

As the objections made by the relator to each of these assessments are practically the same, they are considered together and the disposition of one disposes of the objections to the other.

Water is a part of the land upon which it rests or over which it flows. It adds to or diminishes the value of such land. It is an incident to the land upon which it rests and it follows that it should be taxed as a part of the real estate of which it is appurtenant and to which it is incident. *People ex rel. Niagara Falls P. Co.* v. *Smith*, 70 App. Div. 543; *Union Waterpower Co.* v. *Auburn*, 90 Maine, 60. In the latter case the court says: "Water as an element is not property any more than air. When used, its potential power becomes applicable by operating upon real property, thereby giving it value, and that value is a basis for the purpose of taxation." In *Boston Manufacturing Co.* v. *Inhabitants of Newton*, 22 Pick. 22, the court said: "water power for mill purposes not used, is not a distinct subject of taxation. It is a capacity of land for a certain mode of improvement, which cannot be taxed independently of the land."

An assessment should indicate the nature, the character and the location of the property or rights assessed. An accurate description of the right or thing assessed is essential to the validity of the assessment. If a description of the right or thing assessed is insufficient to enable one to locate it, no foundation is afforded for future proceedings to enforce the assessment. *Matter of N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 342. While that was a case where an assessment of land was in question, yet the principle there declared has been upheld in a variety of cases. Certainty as to the extent and nature of the property assessed must be known to sustain the validity of an assessment.

In the assessments under consideration, we have only rights which are claimed to exist that are made the subject of assessment. Are these rights being used, are they tangible, what is the extent of these rights? It is possible that the right of flowage or of water rights may exist in many forms. It may be that water rights incorporeal in their nature may under certain circumstances exist independent of land, but this is not the case here presented as appears by the petitions and affidavits submitted, nor is it claimed that the water rights in question exist independent of any land. Just where these water rights are, or what they are, except that they appear upon these assessment rolls and, therefore, must be assumed to be in the towns named, is not suggested.

In neither case are the rights sought to be assessed described further than the bare statement, in the one case, " flowage rights," and in the other case, " water rights." Neither length nor breadth, height or depth, locations or connections are given.

The purpose of a description of the thing or right assessed is that the owner may have information of the claim made upon him or his property and that the public, in case the tax is not paid which follows the assessment, may be notified as to what is to be offered for sale for the non-payment, and that the purchaser may be enabled to obtain a sufficient conveyance. The evidence of identity is the description in the assessment roll and where there is no evidence in that roll which would lead to an identification of the right or property sought to be assessed, the assessment must be held to be illegal. In these cases under consideration the assessments must be declared illegal for the reasons here stated. Draft orders may be submitted striking the assessments in each case from the roll.

Ordered accordingly.